■ JAIME GARCIA, an Infant, by His Guardian ad Litem, ANA MERCADO, Respondent, v NANCY E. MERCADO, Appellant, and LILLIAN NIEVES et al., Respondents. [598 NYS2d 259] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about December 13, 1991, granting plaintiff's cross motion for leave to proceed to arbitration with respect to an underinsured claim, unanimously reversed, on the law, without costs or disbursements, the motion denied and the matter restored to the trial calendar.

The infant plaintiff, a passenger in defendant Mercado's vehicle, seeks to recover damages for personal injuries allegedly sustained in a June 18, 1988 two-car automobile accident. Mercado's automobile had policy liability limits of $100,000/ $300,000 and $100,000 underinsurance coverage. The owner and operator of the other vehicle, the defendants Nieves, had $10,000/$20,000 liability coverage; their insurer has offered its policy limit of $10,000 in settlement of plaintiff's claim. Without a disposition of plaintiff's liability claim against Mercado,

plaintiff, through counsel, attempted a disposition of the underinsurance claim with Mercado's insurer, John Hancock Property & Casualty Insurance Co., which efforts, it is claimed, proved fruitless. Plaintiff thereafter sought and obtained leave of the IAS Court before which this action is pending to proceed to arbitration against John Hancock under its underinsured motorist provision. The court also struck the case from the trial calendar. We reverse.

Plaintiff's request for arbitration is premature. Although neither side has produced a copy of the John Hancock policy, both sides proceed on the basis that Insurance Law § 3420 (f) (2) is dispositive. That section clearly provides that "[a]s a condition precedent to the obligation of the insurer to pay under the supplementary uninsured motorists insurance coverage, the limits of liability of all bodily injury * * * insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements." At this point only $10,000, at most, of available insurance has been exhausted. Accordingly, plaintiff's underinsured motorist claim must await the disposition, by settlement or judgment, of the claims against both Mercado and the defendants Nieves. According to this record, there is, as a result of the accident, $110,000 of insurance available, which must be exhausted, by settlement or judgment, before the underinsured motorist provision is triggered. The motion for leave to proceed to arbitration is denied and the matter restored to the trial calendar. Concur—Murphy, P. J., Sullivan, Carro and Kupferman, JJ.