■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant-Respondent, and ENCARNACION SANCHEZ, Respondent-Appellant. [607 NYS2d 838] —Order unanimously reversed on the law without costs and petition granted. Memorandum: Supreme Court erred in denying petitioner's application pursuant to CPLR 7503 to stay arbitration of respondent's underinsured motorist

claim. Respondent's demand for arbitration was premature. Insurance Law § 3420 (f) (2) states that, "[a]s a condition precedent to the obligation of the insurer to pay under the supplementary uninsured motorists insurance coverage, the limits of liability of all bodily injury * * * insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements". The record establishes that, although an offer of settlement to pay the full policy limits has been made by Utica Mutual Insurance Company (Utica Mutual), the insurer of the owner of the other car involved in the accident, the settlement has not been consumated "by payment of judgments or settlements" (Insurance Law § 3420 [f] [2]; *see, Garcia v Mercado,* 194 AD2d 334).

Moreover, the record contains no evidence to support respondent's contention that petitioner's refusal to consent to the settlement with Utica Mutual, in the absence of protection of the subrogation rights contained in its policy, constituted a lack of good faith *(see, Matter of CNA Ins. Cos. [Grandstaff],* 170 AD2d 794, 795). We therefore, grant the petition seeking to stay the arbitration.

Finally, respondent has cross-appealed from the order of Supreme Court to the extent that it failed to impose sanctions upon petitioner pursuant to 22 NYCRR part 130. Supreme Court's failure to rule on that issue is deemed a denial. *(see, Brown v U.S. Vanadium Corp.,* 198 AD2d 863). In light of our determination, we conclude that respondent is not entitled to sanctions. (Appeals from Order of Supreme Court, Suffolk County, Oshrin, J.—Arbitration.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.