■ In the Matter of WALTER SUTORIUS, Appellant-Respondent, v HANOVER INSURANCE COMPANY, Respondent-Appellant. [649 NYS2d 183] —In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, the petitioner appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 7, 1995, which denied the petition and

granted the branch of the cross motion which was to vacate so much of the arbitration award as is in excess of $10,000, and the respondent cross appeals, as limited by its notice of appeal and brief, from so much of the same order as denied the branch of its cross motion which was to vacate the arbitration award in its entirety.

Ordered that the order is modified, on the law, by deleting the provision thereof vacating so much of the award as is in excess of $10,000, and substituting therefor a provision granting the branch of the cross motion which was to vacate the award in its entirety, and as so modified, the order is affirmed, with costs to Hanover Insurance Company.

The petitioner was injured in the course of his employment when he was involved in a three-car accident while driving his employer's vehicle. The petitioner had a supplemental underinsured motorists policy with the respondent Hanover Insurance Company (hereinafter "Hanover") and demanded arbitration under the policy. Prior to arbitration, the petitioner represented to Hanover and the arbitrator that he had settled with the insurance carrier for the primary tortfeasor's vehicle. The arbitrator awarded the petitioner $250,000, which was the full amount of coverage under Hanover's policy. The petitioner then moved to confirm the award, and the respondent opposed the petition on the ground, *inter alia,* that the petitioner had failed to execute necessary releases authorizing Hanover's subrogation rights. Hanover then cross moved to vacate the award either in its entirety, or at least so much thereof as exceeded the $10,000 minimum financial responsibility limit on the ground that the arbitrator failed to reduce the award to the petitioner by amounts paid or payable under the Workers' Compensation Law. In response to the cross motion the petitioner acknowledged that he had not executed any releases, and that contrary to the information that had been given to the arbitrator earlier, he had not in fact received any payment in settlement of his claim against the primary tortfeasor because he had refused to sign the release. The Supreme Court granted Hanover's cross motion to the extent of vacating the award in excess of $10,000.

Under the circumstances, we conclude that the arbitration award should have been vacated in its entirety (Insurance Law § 3420 [f] [2]; *see also, S'Dao v National Grange Mut. Ins. Co.,* 87 NY2d 853, 854; *Matter of Federal Ins. Co. v Watnick,* 80 NY2d 539, 546; *Matter of State Farm Mut. Auto. Ins. Co. [Sanchez],* 201 AD2d 980). Because the petitioner failed to exhaust by payment the limits of an applicable bodily insur-

ance policy, he was not entitled to arbitration of his underinsured motorist claim under the respondent Hanover's policy.

In view of our determination, we do not reach the parties' remaining contentions. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.