Matter of Laxton v Hagerty Ins. Co. (2025 NY Slip Op 03720)

Matter of Laxton v Hagerty Ins. Co.

2025 NY Slip Op 03720

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-12515
 (Index No. 614956/23)

[*1]In the Matter of Joseph Laxton, appellant, 
v
Hagerty Insurance Company, respondent.

David W. Sparrow, Hewlett, NY, for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Conrad L. Horowitz of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated August 22, 2023, in which the respondent cross-petitioned to confirm the arbitration award, the petitioner appeals from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), entered December 22, 2023. The order denied the petition to vacate the arbitration award, granted the cross-petition to confirm the arbitration award, and confirmed the arbitration award.
ORDERED that the order is affirmed, with costs.
This proceeding arises from a motor vehicle accident that occurred on November 21, 2021, between the petitioner and a nonparty. It is undisputed that the nonparty was at fault for the accident. The vehicle driven by the nonparty was insured through a policy issued by Allstate, which provided for bodily injury liability coverage of $100,000 per person and $300,000 per accident. The petitioner's vehicle was insured through a policy issued by the respondent, which included supplementary uninsured/underinsured motorist coverage of $100,000 per person and $300,000 per accident. The petitioner did not pursue a bodily injury claim with Allstate and decided to pursue only a supplementary uninsured/underinsured motorist claim against the respondent.
The petitioner submitted a demand for arbitration against the respondent, and the parties appeared for a virtual hearing on August 16, 2023. The arbitrator determined that, because the petitioner failed to exhaust the Allstate policy, no award could be made to him under the respondent's policy, and denied the petitioner's claim.
The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award. The respondent opposed the petition and cross-petitioned to confirm the arbitration award. In an order entered December 22, 2023, the Supreme Court denied the petition, granted the cross-petition, and confirmed the arbitration award. The petitioner appeals.
Pursuant to CPLR 7511(b)(1)(iii), an arbitration award shall be vacated if the court finds that the rights of a party were prejudiced by an arbitrator exceeding his or her power or so imperfectly executing it that a final and definite award upon the subject matter submitted was not made. "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR [*2]7511(b)(1) bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973 [citations and internal quotation marks omitted]). Although "judicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479), an arbitration award "can be vacated by a court pursuant to CPLR 7511(b)(1)(iii) 'if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator's power'" (Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes, 89 AD3d 1094, 1095, quoting Matter of Erin Constr. & Dev. Co., Inc. v Meltzer, 58 AD3d 729, 729).
Here, the arbitrator properly determined that arbitration was not available to the petitioner because he failed to exhaust by payment the limits of an applicable bodily injury insurance policy (see Insurance Law § 3420[f][2]; Matter of Sutorius v Hanover Ins. Co., 233 AD2d 332, 333-334). Furthermore, the petitioner failed to establish by clear and convincing evidence that the arbitrator exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made (see CPLR 7511[b][1][iii]).
Accordingly, we affirm the order.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court