■ In the Matter of ROCKLAND COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Appellant, v BOCES STAFF ASSOCIATION, Respondent. [764 NYS2d 118] —In a proceeding pursuant to CPLR article 75 to vacate two arbitration awards dated February 23, 2001, and November 7, 2001, respectively, the petitioner appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated June 7, 2002, which denied the petition and dismissed the proceeding.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to vacate the awards to the extent that they grant relief

for the period more than 30 days before November 4, 1999, and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for entry of an appropriate judgment.

The Rockland County Board of Cooperative Educational Services (hereinafter BOCES), and the BOCES Staff Association (hereinafter the Union), which represents BOCES teachers, are parties to a collective bargaining agreement (hereinafter the CBA) which sets forth, inter alia, hours of work, and contains a grievance and arbitration procedure. In November 1999 the Union filed a grievance, contending that certain of its members were being forced to work extra hours without extra pay. When the grievance could not be resolved, the parties proceeded to arbitration. Following a hearing, the arbitrator issued two awards which, in essence, found that Union members were being asked to work excess hours, including working during what was supposed to be a 30-minute duty-free lunch period, and awarded back pay to the beginning of September 1999.

BOCES commenced this proceeding to vacate the arbitrator's awards on the grounds that the awards were irrational and in excess of the arbitrator's power because (1) the arbitrator resolved the issue of working during duty-free lunch periods, which had not been raised by the grievance, (2) the award of back pay to September 1999 violated the CBA's 30-day period of limitations on bringing a grievance, and, (3) the arbitrator misinterpreted the evidence when she interpreted a witness's testimony that she worked lunch periods "most days" as meaning "virtually all" of the time. The Supreme Court denied the petition and dismissed the proceeding.

An arbitrator's award will not be vacated unless it is clearly violative of some strong public policy, is totally irrational, or manifestly exceeds a specifically enumerated limitation on the arbitrator's power (see Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn., 78 NY2d 33, 37 [1991]). An award is irrational if there is "no proof whatever to justify the award" (Peckerman v D & D Assoc., 165 AD2d 289, 296 [1991]), or "the award gave a 'completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties'" (Matter of Pine Plains Cent. School Dist. v Kimball, 272 AD2d 332, 333 [2000], quoting Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]). However, "[t]he mere fact that a different construction could have been accorded the provisions concerned and a

different conclusion reached does not mean that the arbitrators so misread those provisions as to empower a court to set aside the award" (*Matter of National Cash Register Co. [Wilson], supra* at 383).

In this case, the arbitrator could reasonably interpret the grievance document as encompassing the issue of working during duty-free lunch periods. Therefore, her determination that this issue was properly before her was not so irrational as to warrant vacatur of the awards. In addition, since the term "most days" is such an amorphous concept that it could mean anything from a bare majority of days to almost every day, the arbitrator's interpretation was neither so unreasonable nor so irrational as to justify vacatur of the awards.

However, the arbitrator exceeded her authority when she made the award of back pay retroactive to the beginning of September 1999. The parties' collective bargaining agreement specifically provides that "[f]ailure to present a grievance within thirty (30) days after the act giving rise to the grievance * * * shall be deemed a waiver of the grievance," and further provides that an arbitrator "shall not have jurisdiction to add to, subtract from, or modify or alter in any way any of these terms." Here, the grievance was filed on November 4, 1999. Thus, by awarding damages from the beginning of September 1999 the arbitrator exceeded her authority by ignoring the parties' contractual period of limitations (*see Matter of Hill v Chancellor of Bd. of Educ. of City School Dist. of N.Y.,* 258 AD2d 462 [1999]). However, the grievants are still entitled to relief for the period not barred by the contractual period of limitations (*id.*). Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.