■ In the Matter of FINE HUMMEL, P.C., Appellant, v EDWARD MUGAVERO et al., Respondents. [772 NYS2d 561]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered November 18, 2002, which denied its petition to vacate the arbitration award, granted the respondents' motion to confirm the award, and is in favor of the respondents and against it in the principal sum of $21,232.31.

Ordered that the order and judgment is affirmed, with costs.

By complaint dated July 26, 2000, the respondents initiated a

grievance against the petitioner law firm with the Grievance Committee for the Tenth Judicial District. The latter referred the complaint to the Suffolk County Bar Association (hereinafter the Association), whose Grievance Committee eventually referred the fee dispute portion of the complaint to the Association's Fee Dispute Committee. Pursuant to an arbitration agreement it signed on October 18, 2001, the petitioner agreed that the Association's Fee Dispute Committee (hereinafter the arbitrators) would arbitrate the fee portion of the dispute while the grievance portion would be held in abeyance.

The arbitrators determined that the petitioner was required to refund certain legal fees it had taken in connection with the two matters which were the subject of the respondents' complaint. After the arbitrators declined to modify their determination, the petitioner commenced this proceeding to vacate the award, claiming, inter alia, that the arbitrators failed to comply with the rules governing the contractual arbitration between the parties and exceeded their power, since the arbitration was to be limited to the issue of whether or not the petitioner improperly applied money received in settlement of one action to the fee allegedly owed in the other. The respondents moved to confirm.

The Supreme Court properly denied the petition and granted the motion. An arbitration award will not be vacated unless it is clearly violative of some strong public policy, is totally irrational, or exceeds a specifically-enumerated limitation on the arbitrator's power (*see Matter of Silverman,* 61 NY2d 299 [1984]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.,* 308 AD2d 452, 453-454 [2003]). The arbitration agreement here did not limit the arbitrators to the narrow issue asserted by the petitioner. Rather, the agreement broadly left to the arbitrators the propriety of the petitioner's actions in regard to fees in both matters. That is all the arbitrators determined.

The petitioner's remaining contentions either are without merit, or are improperly raised for the first time on appeal. Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.