■ NEIL CIFUENTES et al., Respondents, v ROSE AND THISTLE, LTD., Appellant. [821 NYS2d 622]—

In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Molia, J.), dated November 24, 2004, which granted the plaintiffs' motion to confirm an arbitration award and denied its cross motion to vacate the award, and (2) a judgment of the same court dated November 30, 2004, which, upon the order, is in favor of the plaintiffs and against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power, or unless the rights of a party were prejudiced by the partiality of an arbitrator (*see Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.,* 78 NY2d 33, 37 [1991]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.,* 308 AD2d 452, 453 [2003]; *Matter of GEICO Gen. Ins. Co. v Sherman,* 307 AD2d 967, 968 [2003]). The defendant argues, in effect, that the award should be vacated because the arbitrator erred in his application of the law regarding negligence. However, "an arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator" (*Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629 [1979]; *see Kleinman v Drexel Burnham Lambert,* 192 AD2d 512 [1993]), except under very limited circumstances where the award exhibits a manifest disregard of the law (*see Wien & Malkin LLP v Helmsley-Spear, Inc.,* 6 NY3d 471 [2006]). Contrary to the defendant's contentions, no such circumstances have been shown to exist on this record. Accordingly, the Supreme Court properly granted the plaintiffs' motion to confirm the award and denied the defendant's cross motion to vacate the award.

The defendant's remaining contentions are without merit. Adams, J.P., Mastro, Fisher and Covello, JJ., concur.