■ In the Matter of DeRaffele Manufacturing Co., Inc., Respondent, v Kaloakas Management Corp. et al., Appellants. [852 NYS2d 390]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Kaloakas Management Corp. and Dimitrios

Tsafatinos appeal from (1) a judgment of the Supreme Court, Westchester County (Colabella, J.), entered April 15, 2005, which, upon an order of the same court entered March 23, 2005, granting the petition and confirming the award, is in favor of the petitioner and against them in the principal sum of $1,386,016, and (2) an order of the same court entered July 24, 2006, which denied their motion for leave to renew. The notice of appeal from the order entered March 23, 2005, is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment and the order entered July 24, 2006, are affirmed, with one bill of costs.

The parties entered into a contract calling for the petitioner, DeRaffele Manufacturing Co., Inc., to redesign, renovate, and reconstruct a diner owned by the respondents, Kaloakas Management Corp. and Dimitrios Tsafatinos. Thereafter, certain disputes arose between the parties, primarily with respect to DeRaffele's performance and the respondents' payment obligations. Pursuant to an arbitration agreement entered into by the parties, the dispute was submitted to arbitration.

The arbitrators issued an award finding, inter alia, that the parties' contract did not include a completion date, the respondents failed to prove the petitioner was solely responsible for delays, the contract assigned the responsibility of securing a building permit to the respondents, the work performed by the petitioner was in general conformance with acceptable standards of workmanship and quality, and the respondents failed to prove fraud or failure of consideration. The arbitrators awarded the petitioner the principal sum of $1,471,016 and awarded the respondents the principal sum of $85,000 on their counterclaim, for a net principal sum to the petitioner of $1,386,016.

In December 2004 the petitioner commenced this proceeding to confirm the award. The respondents answered and asserted various grounds for modifying or vacating the award, none of which referenced the Federal Arbitration Act. The Supreme Court confirmed the award, holding that the respondents failed to demonstrate any of the grounds for vacatur or modification of the award contained in CPLR 7511 (c).

The respondents moved, pursuant to CPLR 2221, for leave to renew, asserting that the award had to be reviewed under the Federal Arbitration Act standard requiring an arbitration award to be set aside if it demonstrates a "manifest disregard of the law." The Supreme Court denied the motion for leave to renew.

"An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically-

enumerated limitation on the arbitrators' power. An award made by an arbitration panel will not be vacated for errors of law or fact committed by the arbitrators unless the award exhibits a manifest disregard of the law" (*Matter of WBP Cent. Assoc., LLC v Deco Constr. Corp.,* 44 AD3d 781 [2007] [citations omitted]). Furthermore, "[c]ourts are bound by an arbitrator's factual findings . . . [and] [a] court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York,* 94 NY2d 321, 326 [1999]).

Contrary to the appellants' contention, the arbitrators did not exceed their authority, the award was neither irrational nor violative of public policy, and, as noted, the award did not exhibit a manifest disregard of the law (*see Cifuentes v Rose & Thistle, Ltd.,* 32 AD3d 816 [2006]; *Matter of MacDonald v City of New Rochelle,* 13 AD3d 537 [2004]). Accordingly, the Supreme Court properly granted the petition and confirmed the arbitration award.

The Supreme Court also properly denied the motion for leave to renew. A motion for leave to renew may be granted upon, inter alia, a showing there has been a change in the law that would change the prior determination (*see 515 Ave. I Corp. v 515 Ave. I Tenants Corp.,* 44 AD3d 707 [2007]). The respondents failed to make the requisite showing that any alleged change of the law would have altered the prior determination, as the errors they claimed the arbitrators made would not have established manifest disregard of the law. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.