In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated May 19, 2006, County Van Lines, Inc., appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Dorsa, J.), dated April 23, 2007, which granted the petition, confirmed the award, and, in effect, denied its cross petition to modify the award.
*568 Ordered that the order and judgment is affirmed, with costs.
County Van Lines, Inc. (hereinafter County), had a contractual obligation to make certain contributions to three separate funds, each established for the benefit of the members of Local 814 of the International Brotherhood of Teamsters (hereinafter the union). Although County conceded that, during the period between March 2005 and January 2006, it fell into arrears with respect to two of the funds, it claimed that during that period it rightfully withheld contributions from the third. In the ensuing arbitration, the arbitrator awarded various sums reflecting arrears of contributions with respect to all three funds. The arbitrator also awarded attorneys’ fees, interest, and “liquidated damages.” The Trustees of the funds petitioned to confirm the award, and County cross-petitioned to modify it. The Supreme Court granted the Trustees’ petition to confirm the award and, in effect, denied County’s cross petition for a modification.
Absent a manifest disregard of the law, an arbitrator’s award may not be vacated for errors of law or fact. An arbitrator’s award may be vacated only if it violates a strong public policy, is irrational, or clearly exceeds a specifically-enumerated limitation on the arbitrator’s power (see Matter of DeRaffele Mfg. Co., Inc. v Kaloakas Mgt. Corp., 48 AD3d 807, 808-809 [2008]; Matter of WBP Cent. Assoc., LLC v Deco Constr. Corp., 44 AD3d 781 [2007]). Here, contrary to County’s contention, in the arbitration in which it voluntarily participated, the arbitrator did not exceed his authority, his award was neither irrational nor violative of strong public policy, and his determination did not exhibit a manifest disregard of the law (see Cifuentes v Rose & Thistle, Ltd., 32 AD3d 816 [2006]; Matter of MacDonald v City of New Rochelle, 13 AD3d 537 [2004]). Accordingly, the Supreme Court properly granted the petition and confirmed the arbitration award.
The parties’ remaining contentions are without merit. Fisher, J.E, Miller, Dillon and Eng, JJ., concur.