OPINION OF THE COURT
Bruce M. Balter, J.
Upon the final award of the Beth Din of America in the arbitration proceedings between petitioner Nachum Brisman and respondent, Hebrew Academy of the Five Towns & Rock-away, petitioner moves for an order pursuant to CPLR 7510 confirming the final award of the Beth Din of America and directing that judgment of this court be entered thereon.
Respondent opposes the petition and requests that the court vacate the award, pursuant to CPLR 7511 or in the alternative, modify the award.
Procedural History
The petitioner, Nachum Brisman was hired by respondent, Hebrew Academy of the Five Towns & Rockaway (hereinafter HAFTR) as a teacher for the 1991-1992 academic year. The parties had entered into an employment agreement which had an initial term from September 1, 2001 until August 31, 2005. He was employed up until his termination at the conclusion of the 2005-2006 academic year.
On or about August 2, 2006, Brisman filed a claim with the Beth Din of America (hereinafter the Beth Din) seeking redress for the alleged improper termination of his employment. Subsequently, Brisman and HAFTR entered into an agreement to arbitrate on or about January 16, 2007. The agreement set forth that “[t]he arbitrators shall retain jurisdiction over this matter for one year after, the Beth Din publishes its award.” (Emphasis added.)
*915 A hearing was held by the Beth Din, pursuant to the parties’ agreement, on June 12, 2007, before an arbitration panel consisting of Rabbis Mordechai Willig, Ronald Warburg and Steven Pruzansky, Esq. Following the submission by both parties of supplemental letters and documents to the arbitration panel, the arbitration panel issued a written arbitration award, dated July 10, 2007, which was delivered to the parties on or about that same date.
The arbitration award awarded Brisman $50,000 in back pay for the 2006-2007 academic year, reinstated Brisman to his position “with tenure” and awarded Brisman “an annual salary of $100,000 (including base, overtime, full day of Rabbinical teaching duties, the supplement for additional duties and allowances).” Further, it was ordered that “if defendant in the future wishes to terminate plaintiffs tenure for ‘just cause’, such matter shall be brought to this Beth Din for adjudication before any action is taken against plaintiff.”
Following such issuance, the parties submitted requests for clarification and modification to the arbitration panel, pursuant to the rules set forth by the Beth Din. Amongst both parties’ requests, respondent proffered an objection and requested modification as to the salary granted, on the basis that the prior employment agreement had set forth a salary of $54,000, and proffered an objection to the Beth Din retaining indefinite jurisdiction over the matter in express contravention of the parties agreement to arbitrate.
On or about August 28, 2007, the Beth Din issued a letter which addressed the parties’ requests for modification of the arbitration award. Within the letter, the Beth Din denied modification of the salary award and set forth that the Beth Din retained indefinite jurisdiction “where future disputes between the parties are alleged to revolve around matters resolved in this dispute or be in retaliation for one side’s triumph or loss in this dispute.”
Applicable Statutes and Case Law
Arbitration is a much favored method of dispute resolution. An arbitrator is not required to explain or justify an award. (See Matter of Ross [Riviera Trading Corp.], 204 AD2d 120 [1st Dept 1994].) So strong is the State’s interest in arbitration as a means of resolving disputes, that errors of law or fact are insufficient to warrant vacating an award. (See Davison v Ratner, 11 Misc 3d 1062[A], 2006 NY Slip Op 50340[U] [Nassau County 2006].) *916 Common-law arbitration is based upon oral agreement to arbitrate or a written agreement to arbitrate which does not comply with statutory requirements for compelling arbitration. An agreement to proceed before a beth din is treated as an agreement to arbitrate. (See Matter of Spilman v Spilman, 273 AD2d 316 [2d Dept 2000].)
It is well settled in this state that judicial review of the arbitration award is defined by CPLR 7511 (b).
CPLR 7511 (b) (1) provides:
“The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:
“(i) corruption, fraud or misconduct in procuring the award; or
“(ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or
“(in) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made.”
An arbitration award may not be vacated by a court pursuant to CPLR 7511 (b) (1) unless: it clearly violates a strong public policy; is completely irrational; or if it manifestly exceeds a specifically enumerated limitation on the arbitrator’s power, or unless the rights of a party were prejudiced by the partiality of the arbitrator. (See Cifuentes v Rose & Thistle, Ltd., 32 AD3d 816 [2d Dept 2006].) The statutory grounds for vacating or modifying an award enumerated in CPLR 7511 (b) (1) are: the rights of the party were prejudiced by corruption, fraud or misconduct in procuring the award; partiality of the arbitrator; that the arbitrator exceeded his power or failed to make a final and definite award; or a procedural failure that was not waived. (See Lieberman v Lieberman, 149 Misc 2d 983 [Kings County 1991].)
Even if arbitrators misapply substantive rules of law or make an error of fact, unless one of the three narrow grounds applies in the particular case, the award will not be vacated. (See Cifuentes v Rose & Thistle, Ltd., 32 AD3d 816 [2d Dept 2006]; see further Matter of NFB Inv. Servs. Corp. v Fitzgerald, 49 AD3d 747 [2d Dept 2008].) However, it may be vacated if the award
*917 exhibits a manifest disregard of the law. (See Matter of DeRaffele Mfg. Co., Inc. v Kaloakas Mgt. Corp., 48 AD3d 807 [2d Dept 2008].)
Vacatur under subdivision (b) (1) (iii) requires a showing that the arbitrator exceeded a specifically enumerated limitation on his authority; the decision is totally irrational; or the award is violative of a strong public policy. (See Matter of Board of Educ. of Dover Union Free School Dist. v Dover-Wingdale Teachers’ Assn., 61 NY2d 913 [1984].) An award is violative of strong public policy when “public policy considerations, embodied in statute or decisional law, prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator.” (See Matter of Sprinzen [Nomberg], 46 NY2d 623, 631 [1979].)
In New York State, tenure in public schools is governed by section 3012 of the Education Law, which imposes certain obligations on public school districts with respect to the tenured faculty. The tenure provisions of the Education Law, by their express terms, do not apply to private schools. Instead, tenure in private schools is governed by contracts between the school and its faculty. (See Garmon v Fisk Univ., 1999 WL 118215, 1999 Tenn App LEXIS 144 [Ct App 1999].) Tenure by contract expires when the contract itself expires. (See Walcott v Fisher, 274 App Div 339 [3d Dept 1948]; see further Suffolk County Patrolmen’s Benevolent Assn. v County of Suffolk, 54 AD2d 698 [2d Dept 1976].)
Where an employment contract has expired, the provisions no longer remain in effect. (See Suffolk County Patrolmen’s Benevolent Assn. v County of Suffolk, 54 AD2d 698 [1976].) An award is irrational when, for example, “there is no proof whatever to justify the award” (Matter of Peckerman v D & D Assoc., 165 AD2d 289, 296 [1st Dept 1991]) or the arbitrator has so misconstrued the provisions in dispute as to have created “a new contract for the parties.” (See Peterson v Lieberman, 19 Misc 3d 144[A], 2008 NY Slip Op 51116[U] [2008].)
An agreement to give a person permanent employment means nothing more than the employment is to continue indefinitely and until one or the other of the parties wishes for some good reason to sever the relation. Thus the employment in a steady position is to continue at the will of the parties. (See Arentz v Morse Dry Dock & Repair Co., 249 NY 439 [1928].) Thus, a hiring at will permits either party to terminate the employment relation without advance notice, and neither party has any cause *918 of action against the other for terminating the employment. (See Kotick v Desai, 123 AD2d 744 [2d Dept 1986].)
It is has been held under Jewish law that a dismissed “tenured” teacher is entitled to severance based upon the principle of “Chodesh L’Shanah,” which translates from Hebrew to “one month pay for each year of service.” (See Teacher v Elementary Yeshiva Day School, psak din [order and judgment], Beth Din of America, July 30, 2002, Rabbi Michael Broyde, Dayan [Judge].)
A beth din’s reservation of jurisdiction to resolve disputes that might arise as the parties undertook to satisfy the award does not necessarily mean that the award is indefinite or nonfinal for the purposes of CPLR 7511. An award is deemed deficient in this regard and subject to vacatur only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy. (See Matter of Meisels v Uhr, 79 NY2d 526 [1992].)
A court may vacate an arbitration award where “strong and well-defined policy considerations embodied in constitutional, statutory or common law prohibit . . . certain relief from being granted by an arbitrator.” (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 327 [1999].) When doing so, the court “must be able to examine [the] arbitration . . . award on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement” (see Matter of Sprinzen [Nomberg], 46 NY2d 623, 631 [1979]; see further Waldman v Mosdos Bobov, Inc., 20 Misc 3d 1130[A], 2008 NY Slip Op 51669[U] [2008]; see also City School Dist. of City of N.Y. v Hershkowitz, 7 Misc 3d 1012[A], 2005 NY Slip Op 50569[U] [2005]).
Analysis
Applying these principles to the facts of the case at bar, it is clear that the Beth Din award dated July 10, 2007 and modified on August 28, 2007, must be vacated on several grounds. The Beth Din award was totally irrational; the Beth Din exceeded a specifically enumerated limitation on its authority; and the award is violative of a strong public policy.
The Beth Din awarded petitioner $50,000 in back pay for the 2006-2007 calendar year. The Beth Din then reinstated petitioner to a tenured position for a set salary of $100,000. *919 While respondent does not dispute that petitioner was, at one time, a tenured teacher, the petitioner’s employment was governed by the teachers’ contract which expired at the end of the 2005-2006 academic year. Once the contract terminated, all of the terms and provisions contained in the contract, including the “tenure” provisions, terminated as well. The Beth Din’s determination rendered essentially forces respondent, an “at will” private employer, to employ petitioner, who, in the school’s discretion, has a clear difference in “Hashkafah,” religious philosophy, from respondent’s administration, for an indefinite tenure. Furthermore, the salary set forth by the Beth Din of $100,000 is arbitrary, unfounded and irrational, as the base salary, as set forth by the expired employment contract, was $54,000. As such, this award is burdensome, unrealistic and wholly irrational.
Secondly, by retaining indefinite jurisdiction, the Beth Din exceeded a specifically enumerated limitation on its authority, as set forth by the parties in their own agreement to arbitrate.
Lastly, the award is violative of public policy. The Beth Din’s ruling sets a precedent that will impact and limit the ability of private schools to make and enforce routine employment decisions, as the award compels respondent to reinstate an employee it does not wish to employ. It is noted by the court that a severance package, which amounted to “Chodesh L’Shanah” was offered by the respondent upon termination of the petitioner, which was rejected. Furthermore, the difficulty set forth by the determination of the salary at an amount exceedingly greater than petitioner’s coworkers is counterproductive to a harmonious and productive work environment.
There has been no allegation that the arbitrators’ award was the result of corruption, fraud or misconduct nor that the arbitrator was partial to either side. As such, the court need not address such issues.
Conclusion
After a careful review of the complete record, including the entire court file, the court determines that the Beth Din award is irrational, clearly exceeds the arbitrators’ power and is violative of public policy.
Furthermore, the court finds that, pursuant to the terms of the arbitration agreement set forth by the parties, the Beth *920 Din’s jurisdiction expired on August 28, 2008, one year after the modification issued.
Accordingly, the petition for an order confirming the award of the Beth Din is denied.