■ In the Matter of ERIN CONSTRUCTION AND DEVELOPMENT Co., INC., Respondent, v CLYDE LLOYD MELTZER, Appellant. [873 NYS2d 315]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated June 6, 2006, Clyde Lloyd Meltzer appeals from a judgment of the Supreme Court, Nassau County (Woodard, J.), entered September 26, 2007, which, upon a decision of the same court dated August 30, 2007, granted the petition and confirmed the award.

Ordered that the judgment is affirmed, with costs.

An arbitration award can be vacated by a court pursuant to CPLR 7511 (b) on only three narrow grounds: if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator's power (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *Cifuentes v Rose &*

*Thistle, Ltd.*, 32 AD3d 816 [2006]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003]). An award is irrational if there is "no proof whatever to justify the award" (*Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]). Even if the arbitrators misapply substantive rules of law or make an error of fact, unless one of the three narrow grounds applies in the particular case, the award will not be vacated (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471 [2006]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]; *Cifuentes v Rose & Thistle, Ltd.*, 32 AD3d 816 [2006]). An arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be (*see Matter of Silverman [Benmor Coats]*, 61 NY2d at 308).

In this case, the Supreme Court properly granted the petition and confirmed the arbitration award. The arbitrator's refusal to adjourn the arbitration hearing did not constitute an improvident exercise of discretion or misconduct since there was an insufficient showing of cause for the appellant's last-minute request (*see Gillis v Toll Land XIII Ltd. Partnership*, 309 AD2d 734 [2003]; *cf. Matter of Insurance Co. of N. Am. v St. Paul Fire & Mar. Ins. Co.*, 215 AD2d 386, 387 [1995]; *Matter of Omega Contr. v Maropakis Contr.*, 160 AD2d 942 [1990]; *State Farm Mut. Auto. Ins. Co. v Provus*, 149 AD2d 498 [1989]). Furthermore, the award was not violative of public policy. Thus, the arbitrator's determination that the contract at issue did not violate the public policy against recovery by unlicensed home improvement contractors was not irrational (*see* Administrative Code of City of NY § 20-387 [a]; CPLR 3015 [e]; *Matter of Kuchar v Baker*, 261 AD2d 402 [1999]; *Matter of Hirsch Constr. Co. [Anderson]*, 180 AD2d 604 [1992]; *Matter of Peckerman v D & D Assoc.*, 165 AD2d 289 [1991]). The award itself did not contain findings on the issue of whether the mandatory arbitration clause in the contract was prohibited by General Business Law § 399-c, and otherwise contains nothing on its face to indicate that the contract at issue was for the sale or purchase of consumer goods as defined by General Business Law § 399-c (1) (b) (*cf. Ragucci v Professional Constr. Servs.*, 25 AD3d 43 [2005]).

The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.