■ In the Matter of MBNA AMERICAN BANK, N.A., Respondent, v JOHN KARATHANOS, Appellant. [883 NYS2d 917]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, dated October 26, 2005, John Karathanos appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered April 12, 2007, which granted the petitioner's motion to restore the action to the calendar and grant the petition to confirm the award and, in effect, denied his cross motion to vacate the award.

Ordered that the order is affirmed, with costs.

Judicial review of arbitration awards is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006]). An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480; Matter of Sprinzen [Nomberg], 46 NY2d 623, 629 [1979]). However, a party may be entitled to vacatur of an arbitration award on the grounds set forth in CPLR 7511, including, inter alia, corruption, fraud, or misconduct in procuring the award, or partiality of the arbitrator.

Here, there was sufficient evidence in the record to support the arbitrator's award finding the appellant in default in payment under a credit card agreement. Furthermore, the appellant failed to demonstrate that he was denied the right to a full hearing or that the arbitrator's alleged misconduct so "prejudic[ed] his rights or the integrity of the arbitration process" (*Matter of James A. Smith Contr. v Stahl*, 162 AD2d 688, 689 [1990]) as to warrant vacatur of the award. Accordingly, the award was properly confirmed (*see* CPLR 7510).

The appellant's remaining contentions are without merit. Dillon, J.P., Miller, Eng and Leventhal, JJ., concur.