■ MARK PAUL SHNITKIN, Appellant, v HEALTHPLEX IPA, INC., Respondent. [896 NYS2d 467]—

In a proceeding pursuant to CPLR article 75, inter alia, to modify an arbitration award dated October 3, 2008, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), entered April 8, 2009, which

denied his motion, in effect, to modify the arbitration award to reflect all damages incurred since August 7, 2008, and thereupon, to confirm the arbitration award as modified pursuant to CPLR 7511 (e), and granted the respondent's cross motion to vacate the award, and (2) a judgment of the same court entered July 7, 2009, which, upon the order, vacated the arbitration award.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the arbitration award is reinstated and confirmed, the motion to modify the arbitration award and the cross motion to vacate the arbitration award are denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]; Cifuentes v Rose & Thistle, Ltd., 32 AD3d 816 [2006]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

By agreement dated January 14, 2004, the petitioner, a dentist, became a participant in a program administered by the respondent, Healthplex IPA, Inc. (hereinafter Healthplex), an independent practice association formed to arrange for the provision of dental health services by oral health professionals to patients in managed care. In 2007 a dispute arose when Healthplex sought to change the compensation program used to reimburse the petitioner, leading to the commencement of an arbitration proceeding as required by the agreement under the auspices of the American Health Lawyers Association's arbitration rules and procedures.

Following three days of arbitration hearings, the jointly selected arbitrator ruled in favor of the petitioner, finding that Healthplex had unlawfully breached the agreement by its actions, and subsequently awarded the petitioner reinstatement under the agreement and $50,000 in damages. Faced with Healthplex's lack of compliance, the petitioner moved, in effect, to modify the arbitration award to recover additional damages resulting from Healthplex's failure to comply with the award, and thereupon, to confirm the award as modified pursuant to CPLR 7511 (e). In the order appealed from, the Supreme Court denied the petitioner's motion and granted Healthplex's cross motion to vacate the arbitration award on the ground that the

award constituted a misinterpretation and "manifest disregard of the law." In the judgment appealed from, the Supreme Court vacated the arbitration award. We reverse.

"An arbitration award can be vacated by a court pursuant to CPLR 7511 (b) on only three narrow grounds: if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator's power" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729 [2009]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *Cifuentes v Rose & Thistle, Ltd.*, 32 AD3d at 816; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003]). An award is irrational if there is "no proof whatsoever to justify the award" (*Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]). Even if the arbitrator misapplies substantive rules of law or makes an error of fact, unless one of the three narrow grounds applies in the particular case, the award will not be vacated (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-480 [2006]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]). "An arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 730; *see Matter of Silverman [Benmor Coats]*, 61 NY2d at 308; *Matter of MBNA Am. Bank, N.A. v Karathanos*, 65 AD3d 688, 689 [2009]).

Applying these principles to the matter at bar, the Supreme Court erred in vacating the arbitrator's award as based on "clear and obvious misinterpretations of law and fact such as to constitute manifest disregard of the law" by improperly substituting its own judgment for the factual and legal determinations of the arbitrator. Not only was there sufficient evidence in the record to rationally support the arbitrator's award (*see Caso v Coffey*, 41 NY2d 153, 158 [1976]; *Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 730; *Matter of Salco Constr. Co. v Lasberg Constr. Assoc.*, 249 AD2d 309 [1998]), but Healthplex failed to demonstrate that it was denied the right to a full hearing or that the arbitrator's alleged misconduct so "prejudic[ed] [its] rights or the integrity of the arbitration process" as to warrant vacatur of the award (*Matter of MBNA Am. Bank, N.A. v Karathanos*, 65 AD3d at 689

[internal quotation marks omitted]; *see Matter of James A. Smith Contr. v Stahl*, 162 AD2d 688, 689 [1990]). Nor did the arbitrator's award exhibit any "manifest disregard of [the] law," "a doctrine of last resort limited to the rare occurrences of apparent 'egregious impropriety' on the part of the arbitrators" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d at 480, quoting *Duferco Intl. Steel Trading v T. Klaveness Shipping A/S*, 333 F3d 383, 389 [2003]; *see Matter of Teamsters Local 814 Welfare, Pension & Annuity Funds v County Van Lines, Inc.*, 56 AD3d 567, 568 [2008]; *Matter of Bart v Miller*, 302 AD2d 379, 380 [2003]).

The petitioner's remaining contentions are without merit.

Accordingly, we reinstate and confirm the arbitration award, and deny the motion to modify the award and the cross motion to vacate the award (*see* CPLR 7510). Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.