■ In the Matter of JUDY CHIN, Appellant, v STATE FARM INSURANCE COMPANY, Respondent. [900 NYS2d 738]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 29, 2008, as modified December 1, 2008, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cohen, J.), entered July 9, 2009, which, upon a decision of the same court dated May 13, 2009, denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by adding thereto a provision pursuant to CPLR 7511 (e) confirming the

award dated October 29, 2008, as modified December 1, 2008; as so modified, the judgment is affirmed, with costs payable by the petitioner.

"Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 for vacating or modifying a no-fault arbitration award are few in number and narrowly applied" (*Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C.*, 67 AD3d 1017, 1017 [2009]). "An arbitration award can be vacated by a court pursuant to CPLR 7511 (b) on only three narrow grounds: if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator's power" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729 [2009]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *Cifuentes v Rose & Thistle, Ltd.*, 32 AD3d 816 [2006]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003]). "An award is irrational if there is 'no proof whatever to justify the award' " (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 730, quoting *Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]). "Even if the arbitrators misapply substantive rules of law or make an error of fact, unless one of the three narrow grounds applies in the particular case, the award will not be vacated" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 730; *see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471 [2006]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]; *Cifuentes v Rose & Thistle, Ltd.*, 32 AD3d at 816). "An arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 730; *see Matter of Silverman [Benmor Coats]*, 61 NY2d at 308).

Here, the petitioner failed to demonstrate the existence of any of the statutory grounds for vacating the arbitrator's award. Contrary to the petitioner's contention, the arbitrator's award, as modified, finds evidentiary support in the record and was rationally based (*see Matter of American Express Prop. Cas. Co. v Vinci*, 63 AD3d 1055, 1055 [2009]; *Matter of Mangano v United States Fire Ins. Co.*, 55 AD3d 916, 917 [2008]). In addition, even if the arbitrator failed to consider specified evidence, vacatur of the award would not be warranted (*see Matter of American*

*Express Prop. Cas. Co. v Vinci*, 63 AD3d at 1056; *see also Montanez v New York City Hous. Auth.*, 52 AD3d 338, 339 [2008]).

Upon denying a motion to vacate or modify an arbitration award, the court must confirm the award (*see* CPLR 7511 [e]; *Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C.*, 67 AD3d at 1017-1018). Thus, given this Court's affirmance of the Supreme Court's denial of the petition to vacate or modify the award, the award must be confirmed (*see* CPLR 7511 [e]). Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.