■ In the Matter of LOCAL 456, INTERNATIONAL BROTHER-HOOD OF TEAMSTERS, Appellant, v CITY OF YONKERS, Respondent. [903 NYS2d 915]—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated April 30, 2009, the petitioner appeals from an order of the Supreme Court, Westchester County (Loehr, J.), entered August 18, 2009, which denied the petition.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contentions, vacatur of the arbitration award is not warranted since the award did not violate a strong public policy, was not irrational, and did not "manifestly exceed[ ] a specific, enumerated limitation on the arbitrator's power" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729 [2009]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *Cifuentes v Rose & Thistle, Ltd.*, 32 AD3d 816 [2006]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003]). To the contrary, we agree with the Supreme Court that the arbitration award constituted a reasonable interpretation of the provisions of the collective bargaining agreement between the parties (*see Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]; *Matter of MBNA Am. Bank, N.A. v Karathanos*, 65 AD3d 688, 689 [2009]), and was "final and definite" in accordance with CPLR 7511 (b) (1) (iii) (*Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]; *see Morgan Guar. Trust Co. of N.Y. v Solow*, 68 NY2d 779, 781-782 [1986]). Skelos, J.P., Hall, Roman and Sgroi, JJ., concur.