■ In the Matter of JOHN PERILLI, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [914 NYS2d 652]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated December 1, 2008, the petitioner appeals from an amended order of the Supreme Court, Westchester County (Giacomo, J.), entered August 4, 2009, which denied the petition and dismissed the proceeding.

Ordered that the amended order is modified, on the law, by adding thereto a provision pursuant to CPLR 7511 (e) confirming the award dated December 1, 2008; as so modified, the amended order is affirmed, with costs payable by the petitioner, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment.

The petitioner failed to meet his burden of proving by clear and convincing evidence that alleged impropriety or misconduct of the arbitrator prejudiced his rights or the integrity of the arbitration process or award (*see* CPLR 7511 [b] [1] [i]; *Matter of Balis v Chubb Group of Ins. Cos.*, 50 AD3d 682, 683 [2008]; *Matter of Mounier v American Tr. Ins. Co.*, 36 AD3d 617 [2007]; *Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d 778, 780 [2005]; *Matter of Westchester Ice Hockey Officials Assn., Inc. v Section One, Inc., of N.Y. State Pub. High School Athletic Assn., Inc.*, 15 AD3d 411 [2005]). Contrary to the petitioner's contention, the admission of evidence of prior grievances filed by and against the petitioner did not constitute misconduct by the arbitrator, as "[a]n arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 730 [2009]; *see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Matter of MBNA Am. Bank, N.A. v Karathanos*, 65 AD3d 688, 689 [2009]).

Contrary to the petitioner's additional contentions, vacatur of the arbitration award is not warranted since "the award did not violate a strong public policy, was not irrational, and did not manifestly exceed[ ] a specific, enumerated limitation on the

arbitrator's power" (*Matter of Local 456, Intl. Bhd. of Teamsters v City of Yonkers*, 75 AD3d 555, 555 [2010] [internal quotation marks omitted]; *see* CPLR 7511 [b] [1] [iii]; *Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 729; *see also Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d at 779).

Upon denying a motion to vacate or modify an arbitration award, the court must confirm the award (*see* CPLR 7511 [e]; *Matter of New York Racing Assn., Inc. v Local Union No. 3 Intl. Bhd. of Elec. Workers, AFL-CIO*, 74 AD3d 975 [2010]; *Matter of Chin v State Farm Ins. Co.*, 73 AD3d 918 [2010]; *Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C.*, 67 AD3d 1017, 1017-1018 [2009]). Thus, given this Court's affirmance of the Supreme Court's denial of the petition to vacate the award, the award must be confirmed (*see* CPLR 7511 [e]) and an appropriate judgment entered (*see* CPLR 7514 [a]; *Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C.*, 67 AD3d at 1017). Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.