■ In the Matter of BHARAT K. PATEL, Respondent, v SALAHUDDIN AHMAD et al., Appellants. [918 NYS2d 881]—

Judicial review of arbitration awards is extremely limited (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]; *Matter of MBNA Am. Bank, N.A. v Karathanos*, 65 AD3d 688 [2009]). Generally, an arbitration award can be vacated by a court only upon the narrow grounds set forth in CPLR 7511 (b). Moreover, where, as here, the arbitration process is consensual, as opposed to compulsory, an award also may be vacated if it is completely irrational (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214 [1996]; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578 [1977]; *Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund*, 47 AD3d 633 [2008]).

An award is completely irrational if there is no proof whatsoever to justify the award (*see Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729 [2009]; *Matter of Matra Bldg. Corp. v Kucker*, 2 AD3d 732 [2003]). Here, there was sufficient evidence in the record to rationally support the arbitrator's award (*see Shnitkin v Healthplex IPA, Inc.*, 71 AD3d 979 [2010]; *Matter of Brisman v Hebrew Academy of Five Towns & Rockaway*, 70 AD3d 935 [2010]). The appellants did not otherwise establish any of the grounds set forth in CPLR 7511 (b) for vacating an arbitration award. In particular, contrary to the appellants' contention, the arbitrator did not exceed his powers, as he only determined the issues set forth by the parties in the arbitration agreement (*see Matter of Fine Hummel v Mugavero*, 5 AD3d 483 [2004]).

The appellants' remaining contention is without merit. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.