In the Matter of NEW YORK CENTRAL LINES, LLC, Appellant, v FRANK VITALE et al., Respondents. [919 NYS2d 856]—

An award made after a consensual arbitration may be vacated by a court pursuant to CPLR 7511 (b) (1) (iii) on only three narrow grounds: if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator's power (*see Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729 [2009]; *see also Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *Cifuentes v Rose & Thistle, Ltd.*, 32 AD3d 816 [2006]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003]). An award is irrational if there is "no proof whatsoever to justify the award" (*Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]). Even if the arbitrator misapplies substantive rules of law or makes an error of fact, unless one of the three narrow grounds applies in the particular case, the award will not be vacated pursuant to CPLR 7511 (b) (1) (iii) as exceeding the arbitrator's power (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-480 [2006]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]). "An arbitrator is not bound by principles of substantive

law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 730 [2009]; *see Matter of Silverman [Benmor Coats]*, 61 NY2d at 308; *Matter of MBNA Am. Bank, N.A. v Karathanos*, 65 AD3d 688, 689 [2009]).

Applying these principles to the matter at bar, the Supreme Court properly confirmed the arbitration award because there was sufficient evidence in the record to establish that the arbitrator's award was not totally or completely irrational (*see Caso v Coffey*, 41 NY2d 153, 158 [1976]; *Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729 [2009]; *Matter of Salco Constr. Co. v Lasberg Constr. Assoc.*, 249 AD2d 309 [1998]). In addition, the arbitrator's award did not exhibit a "manifest disregard of [the] law" (*Rai v Barclays Capital Inc.*, 739 F Supp 2d 364, 375 [2010]; *see Matter of Teamsters Local 814 Welfare, Pension & Annuity Funds v County Van Lines, Inc.*, 56 AD3d 567, 568 [2008]; *Matter of Bart v Miller*, 302 AD2d 379, 380 [2003]; cf. *Stolt-Nielsen S.A. v AnimalFeeds International Corp.*, 559 US —, 130 S Ct 1758 [2010]). Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.