In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated November 1, 2010, the petitioner appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated April 11, 2011, which denied the petition.
Ordered that the order is modified, on the law, by adding a provision thereto pursuant to CPLR 7511 (e) confirming the award dated November 1, 2010; as so modified, the order is affirmed, with costs payable by the petitioner, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.
Contrary to the petitioner’s contention, the arbitrator’s award finds evidentiary support in the record and is rationally based (see Matter of Mangano v United States Fire Ins. Co., 55 AD3d 916 [2008]; Matter of State Farm Mut. Auto. Ins. Co. v Arabov, 2 AD3d 531 [2003]). Further, the petitioner failed to present evidentiary proof of actual bias or the “appearance of bias” on the part of the arbitrator or any misconduct (Matter of Balis v *826 Chubb Group of Ins. Cos., 50 AD3d 682, 683 [2008] [internal quotation marks omitted]; Matter of Schwartz v New York City Dept. of Educ., 22 AD3d 672, 673 [2005]; see Matter of Wisner Professional Bldg, v Zitone Constr. & Supply Co., 224 AÍD2d 538 [1996]). Accordingly, the petitioner failed to establish entitlement to vacatur of the arbitrator’s award pursuant to CPLR 7511 (b) (1) (i) and (ii) on the ground of partiality or misconduct. The petitioner’s remaining contentions are without merit.
Upon denying a motion to vacate or modify an arbitration award, the court must confirm the award (see CPLR 7511 [e]; Matter of Perilli v New York State Dept, of Correctional Servs., 80 AD3d 617, 618 [2011]; Matter of New York Racing Assn., Inc. v Local Union No. 3 Intl. Bhd. of Elec. Workers, AFL-CIO, 74 AD3d 975 [2010]; Matter of Chin v State Farm Ins. Co., 73 AD3d 918 [2010]). Thus, given this Court’s affirmance of the Supreme Court’s denial of the petition to vacate the award, the award must be confirmed (see CPLR 7511 [e]) and an appropriate judgment entered (see CPLR 7514 [a]; Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C., 67 AD3d 1017, 1017 [2009]). Balkin, J.P, Leventhal, Lott and Sgroi, JJ., concur.