◼ In the Matter of HELEN AFTOR, an Infant, by Her Mother and Natural Guardian, MARINA AFTOR, Respondent, v GEICO INSURANCE COMPANY, Appellant. [974 NYS2d 95]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal is from an order of the Supreme Court, Kings County (Schack, J.), dated December 5, 2012, which granted the petition and vacated the arbitration award.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the arbitration award is reinstated and confirmed, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.

On March 21, 2008, the petitioner, then 10 years of age, allegedly was injured while riding as a passenger in a vehicle that was involved in an accident with an uninsured motor vehicle. The vehicle in which the petitioner was riding was insured by the appellant, Geico Insurance Company (hereinafter Geico). The Geico insurance policy included supplementary uninsured/underinsured motorist (hereinafter SUM) coverage for all occupants of the vehicle in the amount of $25,000 per person or $50,000 per accident.

Insofar as is relevant to this case, the Geico SUM endorsement provided:

"II. Damages for Bodily Injury Caused by Uninsured Motor Vehicles:

"We will pay all sums that the insured or the insured's legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by an accident arising out of such uninsured motor vehicle's ownership, maintenance or use, subject to the Exclusions, Conditions, Limits and other provisions of this SUM endorsement . . .

"[Condition 12] Arbitration: If any insured making claim under this SUM coverage and we do not agree that such insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, or do not agree as to the amount of payment that may be owing under this SUM coverage, then, at the option and upon written demand of such insured, the matter or matters upon which such insured and we do not agree shall be settled by arbitration, administered by the American Arbitration Association, pursuant to procedures prescribed or approved by the Superintendent of Insurance for this purpose . . . Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof, and any such insured and we each agree to be bound by any award made by the arbitrator as to this SUM coverage. For purposes of this Condition, the term 'insured' includes any person authorized to act on behalf of the insured."

The petitioner, by her mother, commenced an action against the owner and the driver of the uninsured vehicle and was awarded a default judgment against them in the sum of $25,000. Pursuant to the Geico SUM endorsement, the petitioner requested arbitration with Geico, seeking to enforce the $25,000 default judgment against it. Following an arbitration hearing, the arbitrator awarded the petitioner $10,000. Thereafter, the petitioner commenced this proceeding to vacate the arbitration award, alleging that, under the Geico SUM insurance policy, Geico was obligated to pay her the amount that she had been awarded in the civil judgment, and that, therefore, the arbitrator should have awarded her $25,000. Geico opposed the petition, arguing that the petitioner had agreed to be bound by the arbitration award. The Supreme Court agreed with the petitioner, granted the petition, vacated the arbitration award, and awarded her $25,000.

The Supreme Court erred in vacating the arbitration award.

"[J]udicial review of arbitration awards is extremely limited" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]). " 'An arbitration award must be upheld when the arbitrator "offer[s] even a barely colorable justification for the outcome reached" ' " (*Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.]*, 100 AD3d 878, 878 [2012], quoting *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], quoting *Matter of Andros Cia Maritima, S.A. [Marc Rich & Co., A.G.]*, 579 F2d 691, 704 [2d Cir 1978]). In addition, an "arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d at 479-480). "An arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 730 [2009]). Insofar as is relevant to the instant proceeding, pursuant to CPLR 7511 (b) (1) (iii), a court may only vacate an arbitration award if the rights of the party moving to vacate the award were prejudiced by the arbitrator "exceed[ing] his [or her] power or so imperfectly execut[ing] it that a final and definite award upon the subject matter submitted was not made." "Such an excess of power occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]).

Here, the terms of the SUM endorsement clearly provide that any sum Geico was obligated to pay the petitioner, which the petitioner was legally entitled to recover, was subject to arbitration, and that the parties agreed to be bound by the arbitrator's award. Thus, the Supreme Court erred in vacating the arbitration award on the ground that it was contradicted by the SUM endorsement. Additionally, nothing in the record indicates that the arbitration award violated a strong public policy, was irrational, or clearly exceeded a specifically enumerated limitation on the arbitrator's power.

The petitioner's remaining contentions are without merit.

Accordingly, the order must be reversed, the petition denied, the arbitration award reinstated and confirmed, and the matter remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.