■ In the Matter of the Arbitration between CRYSTAL CITY POLICE BENEVO-LENT ASSOCIATION, Respondent, and CITY OF CORNING, Appellant. — Order unanimously affirmed, with costs. Memorandum: Petitioner instituted this proceeding to confirm a favorable arbitration award resolving two disputed pay issues between it, as representative of the members of the Corning Police Department, and the City of Corning. The issues concern an interpretation of the contract clause awarding differential pay to officers assigned to the night shift and a construction of the contract clause which allowed additional pay to officers required to appear in court during off-duty hours. The contract be-tween the parties provided for tripartite arbitration following a three-step grievance procedure. After exhausting the grievance procedure petitioner demanded arbitration and appointed James Pastrick, an officer of the Corning Police Department and a member of petitioner, as its arbitrator. The city appointed its panel member and the two designees chose a third. After a hearing the arbitrators ruled in favor of petitioner on both issues with the arbitrator chosen by the two designees of the contracting parties and Pastrick voting in favor of the police position. Special Term vacated the award concern-ing the off-duty claim and directed a hearing before a new panel because the claimant for the extra pay was none other than Officer Pastrick. It declined to vacate the award concerning differential pay for night shift assignments on similar grounds. On this appeal the city requests not only vacatur of the award of off-duty pay but dismissal of the demand for arbitration contending that the demand was untimely. In addition it also asks vacatur of the differential pay award contending Pastrick also was disqualified from deciding that issue because he was arbitrating his own claim. Petitioner has not cross-appealed. We find no merit to the city's claim that timeliness of the demand was a condition precedent to arbitration to be resolved by the court (see *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1; *Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 288-289; *Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599, 607). Under the terms of the contract, it was a procedural issue to be decided by the arbitrators. The claim of partiality requires somewhat more discussion, for as a member of the police department subject to assignment to its night shift, Officer Pastrick obviously had an interest in an interpretation of the contract which awarded substantially higher pay to those officers

assigned to night duty. CPLR 7511 (subd [b], par 1, cl [ii]) provides: "1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds the rights of that party were prejudiced by * * * (ii) partiality of an arbitrator appointed as a neutral". Tripartite arbitration, the type of tribunal agreed upon by the parties to this contract, has been approved judicially for some time (see Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.], 11 NY2d 128; Matter of Siegel [Lewis], 40 NY2d 687). Moreover, it is recognized that in such arbitration each party to the contract will designate an arbitrator sympathetic to its claim and that those two will in turn select a third, neutral member of the panel. Accordingly, partiality of the contracting parties' designees, standing alone, does not warrant vacatur of the award because implicit in the selection process is the concept that that is what the contracting parties intended. Thus, the statute (CPLR 7511, subd [b], par 1, cl [ii]) permits vacatur only for "partiality of an arbitrator appointed as a neutral". In this case, the parties contracted somewhat ambiguously for "arbitration by an *impartial* committee of three persons" (emphasis added), each party to select a representative and they to choose a third "neutral" member of the panel. We construe that as calling for customary tripartite arbitration with each party selecting a member of the panel sympathetic to its position. The city's position here goes further, however. It urges that Pastrick was not just partial, he was directly interested in the outcome, and as such he should not be permitted to judge his own claim for shift differential pay anymore than he was permitted to judge his own claim for off-duty pay (see Matter of Pisciotta [Newspaper Enterprises], 5 AD2d 1014; Matter of Miller [Weiner], 260 App Div 444; see, also, Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.], 11 NY2d 128, supra). We agree. Petitioner was a bargaining agent for the police. It had no function other than representing them and it received no benefit from the awards. Pastrick, on the other hand, was a real party in interest as one of several claimants. Thus, decisions such as Matter of Siegel (Lewis) (40 NY2d 687, supra) and Matter of Astoria Med. Group (Health Ins. Plan of Greater N. Y.) (supra) are inapposite. The city, however, by participating in the arbitration with full knowledge of Pastrick's interest and by failing to object until after the award, waived any claim for his disqualification (see Matter of Milliken Woolens [Weber Knit Sportswear], 11 AD2d 166, affd 9 NY2d 878; Matter of Newburger [Rose], 228 App Div 526, affd 254 NY 546; Matter of Cheek v Chubb & Son, 70 AD2d 622; and see, especially, West Towns Bus Co. v Division 241 Amalgamated Assn. of St. Elec. Ry. & Motor Coach Employees of Amer., AFL-CIO, 26 Ill App 2d 398). Insofar as Matter of Miller (Weiner) (supra) may be read as holding that a disqualification based upon identity of a party to the arbitration and a member of the panel is not waivable, as Special Term held, we decline to follow it. Matter of Miller (Weiner) (supra) was decided under the provisions of the former Civil Practice Act which some courts interpreted as more readily authorizing disqualification. (Appeal from order of Supreme Court, Steuben County, Finnerty, J. — arbitration.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.