■ In the Matter of EDWIN FRANK et al., Respondents, v McKENNA DEVELOPMENT GROUP, INC., Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, McKenna Development Group, Inc. appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered November 28, 1988, which granted the petition and confirmed the award. The notice of appeal from the order entered October 26, 1988 is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

It is well settled that an arbitrator's award will not be vacated unless it is totally irrational, violative of a strong public policy or exceeds a specifically enumerated limitation on his power *(see, Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654). Further, "absent provision in the arbitration clause itself, an arbitrator is not bound by principles of substantive law or by rules of evidence" *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308), and vacatur will not be warranted "even though the court concludes that his interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law" *(Matter of Silverman [Benmor Coats], supra,* at 308; *see also, Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 580).

In the instant case, the arbitrators' interpretation of the parties' contract finding McKenna Development Group liable for the unnecessary removal of certain healthy and otherwise undamaged trees was neither irrational nor in excess of their powers. Accordingly, the award was properly confirmed. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.