■ SHEILA PEARLMAN, Respondent, v MARVIN PEARLMAN, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated April 15, 1982, in which the parties agreed to submit future controversies concerning their stipulations of settlement to arbitration, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Bergerman, J.), dated August 25, 1988, which denied his application to vacate an arbitration award and granted that branch of a cross motion by the plaintiff which was to confirm the arbitration award.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The defendant's principal argument on appeal is that the arbitrator exceeded his power in making the award or improperly executed the duties and powers provided by the arbitration agreement so that the award should not be considered final. Specifically, the defendant claims that the arbitrator's award ignored the second of two stipulations of settlement

disposing of certain issues related to the parties' matrimonial action.

Judicial review of an arbitrator's award is extremely limited. Generally, once an issue has been decided by an arbitrator, questions of law and fact are not within the power of the judiciary to review, as they are merged in the award *(see, North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.,* 45 NY2d 195, 200). An arbitrator's award entered pursuant to a broad arbitration agreement will not be vacated unless the award is totally irrational, violative of a strong public policy, or exceeds a specifically enumerated limitation upon the arbitrator's authority *(see, e.g., Matter of Town of Callicoon [Civil Serv. Employees Assn.],* 70 NY2d 907, 909; *Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654). Thus, an arbitrator's power to resolve a dispute is ordinarily plenary unless expressly limited by the terms of the agreement to arbitrate *(see,* CPLR art 75; *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307-309). Absent such limitation, the arbitrator is not bound by principles of substantive law or by rules of evidence but may do justice as he or she sees fit *(see, Matter of Silverman [Benmor Coats], supra; Matter of Frank v McKenna Dev. Group,* 154 AD2d 674; *Dicker v Jodi-Lynn Washomatic,* 149 AD2d 649).

Here, the arbitration was conducted pursuant to a broad arbitration clause in the parties' arbitration agreement which enpowered the arbitrator to resolve disputes concerning the interpretation and application of the two stipulations at issue, without limitation. Absent an express limitation on the power of the arbitrator, the award made did not exceed his power. Notably, the arbitrator made specific reference to the stipulation dated November 1, 1984, which the defendant alleged he ignored, and incorporated the provisions of that stipulation into the award. As the arbitrator's reading of that stipulation and the award itself are not irrational, violative of public policy or in excess of a specific limitation upon the arbitrator's power, the award was properly confirmed. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.