■   In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v SEDGEWICK OF NEW YORK, Respondent. [842 NYS2d 68]—

In a proceeding, inter alia, pursuant to CPLR article 75 to confirm an arbitration award dated September 23, 2004, and, in effect, to vacate a modified award dated October 29, 2004, the petitioner appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated April 24, 2006, which, in effect, denied the petition.

Ordered that the order is reversed, on the law, with costs, those branches of the petition which were to confirm the award dated September 23, 2004, and, in effect, to vacate the modified award dated October 29, 2004, are granted, and the matter is remitted to the Supreme Court, Suffolk County, for a determi-

nation of the amount of attorney's fees and costs to be awarded to the petitioner, if any, pursuant to the rules of Arbitration Forums, Inc., and for the entry of a judgment thereafter (*see* CPLR 7514 [a]).

Arbitration Forums, Inc. (hereinafter AFI), rendered an arbitration award dated September 23, 2004 in the petitioner's favor. It subsequently issued a modified award dated October 29, 2004 which was against the petitioner. AFI, however, did not follow proper procedure in modifying the award dated September 23, 2004. Moreover, substantively, the modification was improper under AFI rules because the modification was not based on a clerical or jurisdictional error. Additionally, the respondent, Sedgewick of New York (hereinafter Sedgewick), did not comply with CPLR 7509 in seeking modification (*see* CPLR 7509, 7511; *Matter of Aetna Cas. & Sur. Co. v Vigilant Ins. Co.*, 241 AD3d 451, 452 [1997]).

In addition, the Supreme Court erred in declining to confirm the award dated September 23, 2004. The Supreme Court had no authority to decline to confirm that award on the ground that there was conflicting evidence—"marked discrepancies in the evidence presented to the arbitrators," as the court put it. "Judicial review of an arbitrator's award is extremely limited" (*Pearlman v Pearlman*, 169 AD2d 825, 826 [1991]), and a reviewing court may not second-guess the fact-findings of the arbitrator. The award dated September 23, 2004 had an evidentiary basis and was not totally irrational or arbitrary and capricious (*see Matter of DiNapoli v Peak Automotive, Inc.*, 34 AD3d 674, 675 [2006]; *Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d 778, 779 [2005]; *Matter of Osbeck v Westcon, Inc.* 284 AD2d 469 [2001]). Consequently, the Supreme Court should have granted those branches of the petition which were to confirm the award dated September 23, 2004, and, in effect, to vacate the modified award dated October 29, 2004.

Sedgewick's remaining contention is without merit.

In its petition, the petitioner sought to recover an attorney's fee and costs from Sedgewick pursuant to section 6-2 of AFI's rules. In light of the foregoing, we remit the matter to the Supreme Court, Suffolk County, for a determination of the amount of attorney's fees and costs, if any, to be awarded to the petitioner under that section. Miller, J.P., Mastro, Lifson and Carni, JJ., concur.