■ In the Matter of LONG ISLAND INSURANCE COMPANY, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Also Known as MVAIC, Respondent. [869 NYS2d 195]—

Contrary to the petitioner's allegation, the printout submitted as proof of service upon the Department of Motor Vehicles of notice of cancellation of the subject automobile insurance policy does not substantiate that such service occurred. There is no indication on the face of the document as to its derivation or what it represents. In contrast, the printout submitted by the respondent, with an affidavit of an employee demonstrating that it was obtained from the Department of Motor Vehicles in the regular course of its business, gave the arbitrator a rational basis to conclude that the petitioner insured the vehicle in question at the time of the accident (*see Matter of Progressive Classic Ins. Co. v Kitchen,* 46 AD3d 333 [2007]). " 'Judicial review of an arbitrator's award is extremely limited' (*Pearlman v Pearlman,* 169 AD2d 825, 826 [1991]), and a reviewing court may not second-guess the fact-findings of the arbitrator" (*Matter of Liberty Mut. Ins. Co. v Sedgewick of N.Y.,* 43 AD3d 1062, 1063 [2007]). The petitioner provided no basis to overturn the arbitration award (*see Matter of Liberty Mut. Ins. Co. v Vidale,* 207 AD2d 489 [1994]).

The petitioner's remaining contentions are without merit. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.