*952 In a proceeding pursuant to CPLR article 75, in effect, to vacate so much of an arbitration award dated November 8, 2010, as, after a hearing, reduced the penalty imposed by the petitioner, Town of Babylon, upon an employee so as to restore 10 days of pay and reduce that employee’s term of probation from six months to three months, in which Stacy Carson and Civil Service Employees Association, Inc. (CSEA), Local 1000, AFSCME, AFL-CIO, cross-petitioned to confirm the award, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Pastoressa, J.), entered September 28, 2011, which, upon a decision of the same court dated June 27, 2011, denied the petition and granted the cross petition.
Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the cross petition is denied.
After a workplace incident, the Town of Babylon gave notice, dated April 30, 2010, to its employee, Stacy Carson, then a clerk typist at the Town Clerk’s Office, that she was suspended without pay for up to 30 days, pending a hearing on four charges of misconduct. Following an administrative hearing, the hearing officer sustained all four charges of misconduct against Carson, and recommended that Carson be suspended for 30 days without pay and placed on probation for a period of six months.
Thereafter, pursuant to the collective bargaining agreement (hereinafter the CBA) between the Town and Carson’s union, the Civil Service Employees Association, Inc. (CSEA), Local 1000 (hereinafter the Union), which was effective from January 1, 2009, through December 31, 2016, the Union, on Carson’s behalf, filed a grievance and demand for arbitration with the New York State Public Employees Relation Board. Prior to taking testimony at the arbitration hearing, the arbitrator stated that “the first item of business is to stipulate the issue.” The Town’s attorney agreed, and invited the Union’s attorney to set forth the issues to be determined. The following colloquy ensued:
“[UNION’S ATTORNEY]: What we spoke about was, was there just cause to suspend Stacy Carson for 30 days and to impose a six-month probationary period for her conduct on April 30, 2010 relating to her supervisor . . . and 30-day suspension is without pay . . .
“[THE ARBITRATOR]: And if not, what shall be the remedy?
“[UNION’S ATTORNEY]: Correct, and excuse me, I’m sorry, was progressive discipline considered when imposing that sanction . . .
“[THE ARBITRATOR]: And if not, what shall the remedy be?
*953 “[UNION’S ATTORNEY]: Correct.”
The parties then proceeded with the arbitration.
In an award dated November 8, 2010, made after the hearing, the arbitrator concluded that the hearing officer properly determined that there was just cause to impose a penalty upon Carson. However, the arbitrator found that the Town did not apply the principles of progressive discipline, and that the imposition of a less severe disciplinary penalty was warranted. Thus, the arbitrator directed that 10 days’ pay be restored to Carson, and that the term of probation be reduced to three months.
The Town commenced this proceeding pursuant to CPLR article 75 seeking, inter alia, to vacate so much of the arbitration award as reduced the penalty imposed upon Carson, and the Union and Carson cross-petitioned to confirm the arbitration award. In a decision dated June 27, 2011, the Supreme Court stated, inter alia, that, “notwithstanding the restrictive language of the [CBA] which would seem to preclude the arbitrator from reducing a penalty absent a finding that the discipline imposed was not for ‘just cause,’ ” it was “evident from the terms of the parties’ submission to the arbitrator that the parties intended to confer a broader authority on him.” The Supreme Court thereafter entered judgment denying the petition and granting the cross petition.
“Judicial review of an arbitrator’s award is extremely limited” (Pearlman v Pearlman, 169 AD2d 825, 826 [1991]; see Matter of Long Is. Ins. Co. v Motor Veh. Acc. Indem. Corp., 57 AD3d 670, 671 [2008]; Matter of Liberty Mut. Ins. Co. v Sedgewick of N.Y., 43 AD3d 1062, 1063 [2007]). A court may vacate an arbitration award pursuant to CPLR 7511 (b) (1) (iii) “only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator’s power” (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]; see CPLR 7511 [b] [1] [iii]; Matter of New York City Tr. Auth. v Transport Workers’ Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y, 1 NY3d 72, 79 [2003]).
A party can only waive its contention that an arbitrator acted in excess of his or her power “by participating in the arbitration with full knowledge” of the alleged error that is being committed and “by failing to object until after the award” is issued (Matter of Crystal City Police Benevolent Assn. [City of Corning], 91 AD2d 843, 844 [1982]; see Matter of Raitport v Salomon Smith Barney, Inc., 57 AD3d 904, 906 [2008]; Matter of Meehan *954 v Nassau Community Coll., 243 AD2d 12, 18-19 [1998]; Matter of Goldsborough v New York State Dept. of Correctional Servs., 217 AD2d 546, 547 [1995]).
Here, Article X (E) (6) of the CBA provided that “[t]he arbitrator shall have the power to restore any fine, any penalty including loss of vacation or personal days, reinstate any discharged employee, with or without back pay or remove any written reprimand in the event he [or she] finds the discipline imposed was not for just cause.” Contrary to the contentions of the Union and Carson, the Town did not consent to the arbitrator’s authority to modify the penalty imposed upon Carson in the event that he made a finding that the Town had just cause to discipline her. At the beginning of the arbitration, the issue to be determined was defined as whether there was just cause to punish Carson and, “if not,” what the remedy should be. As framed in this manner, the issue to be determined by the arbitrator was in accordance with his powers, as set forth in Article X (E) (6) of the CBA, which only empowered the arbitrator to provide Carson with a remedy upon a finding that the imposition of discipline was not founded on just cause. Since the arbitrator found that there was just cause for the discipline imposed, the arbitrator exceeded his authority in reducing the penalty imposed. Contrary to the contention of the Union and Carson, the stipulation that the arbitrator would determine whether the hearing officer had considered progressive discipline in the course of imposing the initial penalty upon Carson did not confer upon the arbitrator an independent power to reduce the penalty imposed. Thus, the record reflects that the Town did not participate in the arbitration with full knowledge that the arbitrator intended to render a determination in excess of the powers set forth in the CBA.
In light of our determination, we need not reach the Town’s remaining contentions.
Accordingly, the Supreme Court erred in denying the petition, in effect, to vacate so much of the arbitration award as reduced the penalty imposed upon Carson, and erred in granting the cross petition of Carson and the Union to confirm the award. Skelos, J.E, Dickerson, Austin and Cohen, JJ., concur.