■ In the Matter of T&C HOME DESIGN, LLC, Respondent, v STYLECRAFT CORPORATION, Appellant, et al., Respondent. [30 NYS3d 886]—

In a proceeding pursuant to CPLR article 75 to confirm an

arbitration award, Stylecraft Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated July 3, 2013, as granted the petition and confirmed the arbitration award in favor of the petitioner and against it in the principal sum of $20,000.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Unless an arbitration award violates a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's powers, it may not be vacated (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines]*, 50 NY2d 1007, 1008-1009 [1980]; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582-583 [1977]). Where the parties to a contract agree to submit disputes to an arbitrator, "[c]ourts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *see Matter of Tsikitas v Nationwide Ins. Co.*, 33 AD3d 928 [2006]; *Matter of New York State Nurses Assn. [Mount Sinai Hosp.]*, 275 AD2d 538, 540 [2000]). Absent a provision to the contrary in an arbitration agreement, arbitrators are not bound by principles of substantive law or rules of evidence (*see Lentine v Fundaro*, 29 NY2d 382, 385 [1972]). Thus, an arbitration award will not be vacated even where the court concludes that the arbitrator's interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law (*see Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines]*, 50 NY2d at 1008-1009; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d at 582-583; *Matter of Merrick Union Free School Dist. v Merrick Faculty Assn., Inc.*, 87 AD3d 536, 539 [2011]).

Here, the appellant does not contend that the arbitration award violated public policy or was irrational. Contrary to the appellant's contention, the arbitration award did not exceed a specifically enumerated limitation on the arbitrator's powers (*see generally Matter of MacDonald v City of New Rochelle*, 13 AD3d 537, 537 [2004]). Accordingly, the Supreme Court properly granted the petition and confirmed the arbitration award. Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.