Matter of Verille v Jeanette (2018 NY Slip Op 05319)





Matter of Verille v Jeanette


2018 NY Slip Op 05319


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-12683
 (Index Nos. 54879/13, 68757/15)

[*1]In the Matter of Joseph A. Verille, et al., respondents,
v
Louis Jeanette, et al., appellants. (Proceeding No. 1)
Louis Jeanette, et al., appellants,Joseph A. Verille, et al., respondents. (Action No. 1)


Annette G. Hasapidis, South Salem, NY, for appellants.
Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh, Svetlana K. Ivy, and John R. Forbush of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated August 1, 2015, in which Louis Jeanette and Lynne Jeanette, in effect, cross-petitioned to confirm the award, Louis Jeannette and Lynne Jeanette appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.) dated December 3, 2015. The order granted the petition and denied the, in effect, cross petition.
ORDERED that the order is reversed, on the law, with costs, the petition to vacate the award is denied, the, in effect, cross petition to confirm the award is granted, the arbitration award is reinstated and confirmed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment (see CPLR 7511[e]; 7514[a]).
The petitioners commenced this proceeding pursuant to CPLR article 75 to vacate an arbitration award on the grounds that the arbitrator committed misconduct and failed to follow proper procedure. The appellants, in effect, cross-petitioned to confirm the award. The Supreme Court granted the petition to vacate the award on the ground that the arbitrator rendered the award without inquiring whether all of the evidence had been submitted, as was required by the parties' [*2]arbitration agreement, and without all of the petitioners' evidence. The court concluded that it was an abuse of discretion and misconduct for the arbitrator to prevent the petitioners from presenting their evidence.
Judicial review of arbitration awards is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). "Unless an arbitration award violates a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's powers, it may not be vacated" (Matter of T & C Home Design, LLC v Stylecraft Corp., 140 AD3d 777, 778; see Shnitkin v Healthplex IPA, Inc., 71 AD3d 979, 981). The party seeking to vacate an arbitration award bears a "heavy burden" of proving by "clear and convincing evidence" that impropriety by the arbitrator prejudiced that party's rights or impaired the integrity of the arbitration process (Matter of Denaro v Cruz, 115 AD3d 742, 743; see Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973; Matter of Mounier v American Tr. Ins. Co., 36 AD3d 617, 617; Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp., 21 AD3d 901, 901). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480; Matter of Liberty Mut. Ins. Co. v Sedgewick of N.Y., 43 AD3d 1062, 1063).
Applying these principles here, the Supreme Court improperly substituted its own judgment for the factual determinations of the arbitrator (see Matter of Westchester County Corr. Officers' Benevolent Assn. v County of Westchester, 100 AD3d 644, 646; Shnitkin v Healthplex IPA, Inc., 71 AD3d at 981; Matter of Liberty Mut. Ins. Co. v Sedgewick of N.Y., 43 AD3d at 1063). According to the arbitrator's findings of fact, the petitioners refused to proceed with the arbitration hearing when they were informed that it was not the arbitrator's practice to entertain live testimony in such an arbitration and the petitioners demanded an opportunity to file an order to show cause in the Supreme Court to resolve the issue of live witness testimony. The parties and the arbitrator then agreed that if the order to show cause was not filed by June 2, 2015, or was filed and denied, the arbitrator would render his decision based upon the submissions in his possession as of the date of the hearing, which was May 27, 2015. The petitioners did not file any order to show cause with the Supreme Court by June 2, 2015, and they provided no justification to the arbitrator for such failure. They also failed to provide the report of their expert on economic damages prior to the hearing in accordance with the arbitration rules to which they agreed, nor on the date of the hearing nor at any time thereafter, and they provided no justification to the arbitrator for this failure. They failed to have their witnesses present and available to testify. They therefore cannot be heard to complain that the arbitrator determined the matter based upon the evidence submitted to him as of the date of the hearing (see Matter of DelGaudio v Aetna Ins. Co., 262 AD2d 641, 642; see also Matter of Metzger v Champion Intl. Corp., 301 AD2d 800, 802).
In any event, vacatur of the arbitration award pursuant to CPLR 7511(b)(1)(iii) and (iv) was improper. The award was not indefinite or nonfinal within the meaning of CPLR 7511(b)(1)(iii) (see Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C., 24 AD3d 778, 779). In addition, the petitioners failed to prove by clear and convincing evidence that the arbitrator's determination not to permit live witness testimony was contrary to the arbitration rules [*3]to which they agreed or article 75 of the CPLR. The arbitration rules provided that the arbitrator was the judge of the relevance and materiality of the evidence offered, conformity to the rules of evidence was not necessary, and the arbitrator was to conduct the hearing in a manner that permitted a fair presentation of the case by the parties. The petitioners' entitlement to present live testimony and cross-examine witnesses was limited by their entrance into the arbitration agreement, and they failed to exercise their right under that agreement to produce witnesses at the arbitration. Moreover, the petitioners' entitlement was waived when they declined to pursue relief in the Supreme Court relating to the arbitrator's decision in this regard (see CPLR 7506[f]). The petitioners' contention that the arbitrator precluded them from submitting the report of their economic expert is also without merit since the arbitrator rendered his decision based upon the submissions in his possession as of the date of the hearing, as the parties agreed. Moreover, the petitioners failed to demonstrate that any error in preventing the submission of such evidence was prejudicial to them (see Matter of GEICO Gen. Ins. Co. v Sherman, 307 AD2d 967, 968-969). Accordingly, the Supreme Court should have denied the petition to vacate the arbitration award and should have granted the, in effect, cross petition to affirm the arbitration award.
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court