Matter of Papa v DePaola (2019 NY Slip Op 03053)





Matter of Papa v DePaola


2019 NY Slip Op 03053


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-12957
 (Index No. 703523/16)

[*1]In the Matter of John P. Papa, petitioner-respondent,
v
John R. DePaola, appellant, Steven Brounstein, respondent-respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Michael F. Mongelli II, P.C., Flushing, NY, for petitioner-respondent.
Sclar Law Group LLP, New York, NY (Thomas H. Herndon, Jr., of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm two arbitration awards dated November 4, 2015, and March 10, 2016, respectively, in which John R. DePaola cross-petitioned to vacate the awards, John R. DePaola appeals from a judgment of the Supreme Court, Queens County (Cheree A. Buggs, J.), entered November 18, 2016. The judgment granted the petition to confirm the awards, denied the cross petition to vacate the awards, and confirmed the awards.
ORDERED that the judgment is affirmed, with one bill of costs.
The petitioner commenced this proceeding pursuant to CPLR article 75 to confirm two arbitration awards. The appellant cross-petitioned to vacate the awards on the ground that they were irrational. The Supreme Court granted the petition to confirm the awards, denied the cross petition to vacate the awards, and confirmed the awards. We affirm.
Judicial review of arbitration awards is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). " Unless an arbitration award violates a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's powers, it may not be vacated'" (Matter of Verille v Jeanette, 163 AD3d 830, 830, quoting Matter of T & C Home Design, LLC v Stylecraft Corp., 140 AD3d 777, 778; see Shnitkin v Healthplex IPA, Inc., 71 AD3d 979, 981). The party seeking to vacate an arbitration award bears a "heavy burden" of proving by "clear and convincing evidence" that impropriety by the arbitrator prejudiced that party's rights or impaired the integrity of the arbitration process (Matter of Denaro v Cruz, 115 AD3d 742, 743 [internal quotation marks omitted]; see Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973; Matter of Mounier v American Tr. Ins. Co., 36 AD3d 617, 617; Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp., 21 AD3d 901, 901). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of [*2]overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480; Matter of Liberty Mut. Ins. Co. v Sedgewick of N.Y., 43 AD3d 1062, 1063).
Here, the appellant does not contend that the arbitration awards violated public policy or exceeded a specifically enumerated limitation on the arbitrator's powers. Contrary to the appellant's contention, the arbitration awards were not irrational (see generally Matter of MacDonald v City of New Rochelle, 13 AD3d 537, 537). Accordingly, we agree with the Supreme Court's determination granting the petition, denying the cross petition, and confirming the arbitration awards.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court