Matter of Delora v Edge Community Apts. (2019 NY Slip Op 08187)





Matter of Delora v Edge Community Apts.


2019 NY Slip Op 08187


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-09446
 (Index No. 1645/17)

[*1]In the Matter of Agustin Delora, etc., et al., appellants,
v
Edge Community Apartments, respondent.


Martin Druyan, New York, NY, for appellants.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York, NY (Richard H. Block of counsel), for respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 75 to vacate an arbitration award dated March 19, 2017, the petitioners appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 2, 2017. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
By petition dated May 17, 2017, the petitioners, Agustin Delora and his union, commenced this proceeding, inter alia, pursuant to CPLR article 75 to vacate an arbitration award dated March 19, 2017, which upheld the termination of Delora's employment with the respondent, Edge Community Apartments. In an order dated June 2, 2017, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
Judicial review of arbitration awards is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). " Unless an arbitration award violates a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's powers, it may not be vacated'" (Matter of Verille v Jeanette, 163 AD3d 830, 830, quoting Matter of T & C Home Design, LLC v Stylecraft Corp., 140 AD3d 777, 778; see Shnitkin v Healthplex IPA, Inc., 71 AD3d 979, 981). The party seeking to vacate an arbitration award bears a "heavy burden" of proving by clear and convincing evidence that impropriety by the arbitrator prejudiced that party's rights or impaired the integrity of the arbitration process (Matter of Denaro v Cruz, 115 AD3d 742, 743 [internal quotation marks omitted]; see Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973; Matter of Mounier v American Tr. Ins. Co., 36 AD3d 617, 617; Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp., 21 AD3d 901, 901).
"Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d [*2]321, 326; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480; Matter of Liberty Mut. Ins. Co. v Sedgewick of N.Y., 43 AD3d 1062, 1063).
Here, the petitioners do not contend that the arbitration award violated public policy or exceeded a specifically enumerated limitation on the arbitrator's powers. Contrary to the petitioners' contention, there is evidentiary support for the award dated March 19, 2017, and it was not irrational (see Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC, 123 AD3d 731, 732; Matter of Gaymon v MTA Bus Co., 117 AD3d 735, 736; Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes, 89 AD3d 1094, 1095-1096; Matter of MacDonald v City of New Rochelle, 13 AD3d 537, 537).
The petitioners' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court